**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **KENDLE SANDERSON**<br>**and**<br>**JADE SANDERSON**<br><br>　　　　**Plaintiffs,**<br>　　**vs.**<br><br>**EQUIFAX INFORMATION**<br>**SERVICES, LLC**<br>**and**<br>**TRANS UNION, LLC**<br><br><br>　　　　**Defendants.** | )<br>)<br>)<br>)<br>)　　**Civil Action No.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### I.　Preliminary Statement

1.　This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended,* and various other state laws.

### II.　Jurisdiction and Venue

2.　Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3.      Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III.     Parties

4.      Plaintiffs Kendle and Jade Sanderson are individuals, who reside in Duluth, GA

30096.

5.      Defendant Equifax Information Services LLC (hereafter "EIS") is a business entity that regularly conducts business in the state of Georgia, and which has a principal place of business located 1550 Peachtree Street, N.W., Atlanta, GA 30309.

6.      Defendant Trans Union, LLC (hereafter "TU") is a business entity that regularly conducts business in the state of Georgia, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

### IV.     Factual Allegations

7.      Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiffs and Plaintiffs' credit history to third parties (hereafter the "inaccurate information").

8.      The inaccurate information includes, but is not limited to, a tax lien, and other personal information.

9.      The inaccurate information negatively reflects upon the Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility as a debtor

and Plaintiffs' credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiffs, or which misrepresent the payment history and/or status of accounts that do belong to the Plaintiffs as well as incorrect personal identifying information.

10.    Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

11.    Plaintiffs have repeatedly disputed the inaccurate information with the Defendants, EIS and TU, by both oral and written communications to their representatives and by following EIS's and TU's established procedure for disputing consumer credit information.

12.    Plaintiffs have repeatedly disputed the inaccurate information with EIS and TU on multiple occasions, including but not limited to, from August, 2009 through the present.

13.    In addition to repeatedly disputing the inaccurate information, Plaintiffs have provided Defendants, EIS and TU, with extrinsic written documentation corroborating Plaintiff's disputes.

14.    Despite Plaintiffs' efforts, Defendants, EIS and TU, have never: 1) contacted the Plaintiffs to follow up on, verify and/or elicit more specific information about Plaintiffs' disputes; 2) contacted any third parties that would have relevant information concerning Plaintiffs' disputes; 3) forwarded any relevant information concerning Plaintiffs' disputes to the entities originally furnishing the inaccurate information; 4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and 5) performed any handwriting analysis.

15.    Despite Plaintiffs' exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

16.    Notwithstanding Plaintiffs' efforts, Defendants EIS and TU have sent Plaintiffs correspondence indicating its intent to continue publishing the inaccurate information and Defendants EIS and TU continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

Defendants EIS and TU have published and disseminated consumer reports to such third parties, including but not limited to, from August 2009 through the present.

17.     Plaintiffs have applied for and have been denied various loans and extensions of consumer credit on many different occasions, and Plaintiffs have been informed that the basis for these denials was the inaccurate information that appears on Plaintiffs' credit reports and that the inaccurate information was a substantial factor for those denials.

18.     Plaintiffs' credit reports and file containing the inaccurate, derogatory liens and accounts have been obtained from Defendants EIS and TU, and have been reviewed several times in 2009, 2010 and 2011 by prospective and existing credit grantors and extenders of credit.

19.     As a result of Defendants' conduct, Plaintiffs have suffered actual damages in the  form of credit denial or loss of credit opportunity, credit defamation and emotional distress, including anxiety, frustration, embarrassment and, humiliation.

20.     At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

21.    At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiffs herein.

## V.    CLAIMS

### COUNT ONE - FCRA

22.    Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

23.    At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

24.    At all times pertinent hereto, the Plaintiffs were "consumers" as that term is defined by 15 U.S.C. § 1681a(c).

25.    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26.    Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiffs for engaging in the following conduct:

(a)   willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiffs, in violation of 15 U.S.C. §1681i(a);

(b)   willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiffs' dispute to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(c)   willfully and negligently failing to provide all relevant information provided by the Plaintiffs regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(d)   willfully and negligently failing to review and consider all relevant information submitted by the Plaintiffs concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(e)   willfully and negligently failing to delete the inaccurate information from Plaintiffs' credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(f)   willfully and negligently failing to note the Plaintiffs' dispute of the inaccurate  information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

(g)     willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiffs;

(h)     willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(i)     willfully and negligently failing to properly and timely delete the inaccurate information  from the Plaintiffs' credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(j)     willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

27.     The conduct of the Defendants were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiffs that are outlined more fully above and, as a result, Defendants are liable to the Plaintiffs for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO - DEFAMATION

28.     Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

29.     Defendants have published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belong to the Plaintiffs.

30.     Defendants have published these statements each time a credit report on the Plaintiffs has been requested from any creditor, prospective credit grantors furnisher or other source.

31.     The statements made by the Defendants are false in that they inaccurately reflect Plaintiffs' credit information and debt repayment history, and paint Plaintiffs as financially irresponsible and delinquent.

32.     Defendants have published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiffs' credit report.

33.     Defendants knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiffs have notified them

repeatedly through writing, telephone communication and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

34.   Nonetheless, Defendants continued to publish the false and negative statements concerning the Plaintiffs' credit history up through the present time.

35.   The written statements and publications constitute libel per se.

36.   The oral statements and publications constitute slander per se.

37.   In addition, and despite the repeated notices from Plaintiffs, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiffs to all creditors, prospective creditors, furnishers of information and all other entities to whom it provides credit information concerning the Plaintiffs.

38.   Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiffs that are outlined more fully above and, as a result, Defendants' are liable to compensate the Plaintiffs for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

## COUNT THREE – GEORGIA FAIR BUSINESS PRACTICES ACT

39.     Plaintiffs incorporate the foregoing paragraphs as though the same were set

forth at length herein.

40.     Defendant's actions constitute violations of Georgia's Fair Business Practices

Act.

41.  The conduct of the Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of actual, treble and exemplary damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI.    JURY TRIAL DEMAND

42.     Plaintiffs demand trial by jury on all issues so triable.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seeks judgment in Plaintiffs' favor and damages against the Defendants, based on the following requested relief:

(a)    Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Treble damages;

(e)     Exemplary damages

(f)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n, and 1681o; and O.C.G.A. §§ 13-6-11 and 10-1-399;

(g)     An order directing that Defendants immediately delete all of the inaccurate information from Plaintiffs' credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(h)     An order directing that Defendants send to all persons and entities to whom they have reported Plaintiffs' inaccurate information within the last three years Plaintiffs' updated and corrected credit report information; and

(i)     Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**


BY:    __/S/ James M. Feagle
          James M. Feagle
          Georgia Bar No. 256916
          Kris Skaar
          Georgia Bar No. 649610

Justin T. Holcombe
Georgia Bar No. 552100
108 E. Ponce De Leon Avenue
Suite 204
Decatur GA, 30030
(404) 373-1970
(404) 601-1855 facsimile
jimfeagle@aol.com