THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENDLE SANDERSON, and JADE SANDERSON, | : : : |
| Plaintiffs, | : : |
| v. | : : |
| EQUIFAX INFORMATION SERVICES, LLC, and TRANS UNION, LLC, | : : : : |
| Defendants. | : : |

Civil Action File No.

1:11-cv-01248-AT-RGV

## PLAINTIFF'S INITIAL DISCLOSURES

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiffs contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

Plaintiffs bring this cause of action pursuant to the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. and the Georgia Fair Business Practices Act ("GFBPA"), O.C. G.A. § 10-399. Defendants violated the FCRA and GFBPA by failing to follow reasonable procedures to assure maximum possible accuracy of the information in Plaintiffs' credit reports, selling false records about Plaintiffs, failing to perform a reasonable investigation into

Plaintiffs' disputes, failing to properly and timely delete the inaccurate information from the Plaintiffs' credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy, and continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

As a result of Defendants' violations, Plaintiffs seek actual, statutory, and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and o and O.C.G.A. § 10-1-399.

The Legal Issues to be tried are as follows:

1. Whether the Defendants followed reasonable procedures to assure maximum possible accuracy of the information in Plaintiffs' credit reports as required by the FCRA, 15 U.S.C. § 1681e(b);

2. Whether the Defendants failed to conduct a reasonable investigation into Plaintiffs' disputes as required by the FCRA, 15 U.S.C. § 1681i;

3. Whether the Defendants failed to properly and timely delete the inaccurate information from the Plaintiffs' credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

4. Whether the Defendants continued to sell the inaccurate

   information despite having knowledge of its inaccuracy and/or inability to be verified;

5. If a violation is determined to have occurred, whether the Defendants' conduct was willful or negligent;

6. Whether Plaintiffs are entitled to actual damages, and if so, the amount of actual damages to which Plaintiffs are entitled;

7.  Whether the Plaintiffs are entitled to statutory and punitive damages pursuant to FCRA, 15 U.S.C. § 1681n;

8. The amount of statutory damages to be awarded to the Plaintiffs;

9.  The amount of attorney's fees and costs to be awarded in this action pursuant to FCRA, 15 U.S.C. §§1681n and o;

10. Whether the acts of Defendants violate the Georgia Fair Business Practices Act.

11. Whether Defendants violations were intentional; and

12.  Whether the Plaintiffs should be awarded punitive or exemplary damages.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

Plaintiffs incorporate by reference the authority listed in connection with the statement of issues in answer number one, above, and the authority listed in connection with the statement of damages in answer number six, below. In addition, Plaintiffs believe that the following cases are illustrative of issues in this case.

- Cortez v. Trans Union, 617 F.3d 688 (3d Cir. 2010)
- Cushman v. Trans Union Corp., 115 F. 3d 220, 225 (3d Cir. 1997)
- Philbin v. Trans Union, 101 F.3d 957 (3d Cir. 1996)
- Lambert v. Beneficial Mortgage Corp., et al. 2007 U.S. Dist, Lexis 33119 (W.D. Wa. May 4, 2007)
- Guimond v. Trans Union, 45 F.3d. 1329 ( 9th Cir. 1995)
- Cahlin v. GMAC, 936 F. 2d 1151 (11th Cir. 1991)
- Federal Trade Comission v. TRW, Inc., 784 F.Supp 361(N.D.Tx. 1991 )

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

- ACTUAL/COMPENSATORY DAMAGES; to be determined by the trier of fact; 15 U.S.C. § 1681; O.C.G.A. § 10-1-399;

- STATUTORY DAMAGES; $1,000.00; 15 U.S.C. § 1681; O.C.G.A. § 10-1-399;

- PUNITIVE (EXEMPLARY) DAMAGES; to be determined by the trier of fact; 15 U.S.C. § 1681; O.C.G.A. § 10-1-399;

- ATTORNEY'S FEES; to be determined following trial; 15 U.S.C. § 1681; O.C.G.A. § 10-1-399; and

- COSTS.

**(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Presently, Plaintiff knows of no insurance coverage.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs' cause of action and state the basis and extent of such interest.**

None.

Respectfully Submitted,

**SKAAR & FEAGLE, LLP**

by: <u>s/ Justin T. Holcombe</u>
Justin T. Holcombe
Georgia Bar No. 552100
SKAAR & FEAGLE, LLP
108 E. Ponce de Leon Ave.
Suite 204
Decatur, Georgia 30309
(404) 373-1970/Telephone
(404) 601-1855/Facsimile

## ATTACHMENT A - WITNESSES

At this time, plaintiff has not decided who will be called as witnesses in this action. The following constitutes a non-exhaustive list of those individuals who may have knowledge of facts relative to the allegations of the complaint.

Fact witnesses:   Plaintiff Kendle Sanderson (Please contact Plaintiff only through counsel)

Plaintiff Jade Sanderson (Please contact Plaintiff only through counsel)

Representatives of the Defendants

Representatives of Plaintiffs' potential employers and credit grantors

## ATTACHMENT B - EXPERT WITNESSES

At this time, Plaintiff has not decided who will be called as witnesses in this action. No trial experts have been retained at this time.

## ATTACHMENT C - DOCUMENTS

At this time, Plaintiff has not decided what exhibits will be tendered in this action. The following constitutes a non-exhaustive list of those documents which may contain information relative to the allegations of the complaint.

- Copies of Plaintiff's Credit Report;
- Correspondence sent to Defendants by the Plaintiffs concerning credit disputes; and
- Correspondence and documents from the Alabama Department of Treasury.

## ATTACHMENT D - DOCUMENTS

At this time, Plaintiffs have not decided what exhibits will be tendered in this action. At this time, Plaintiffs have identified no documents on damage issues other than those listed above in Attachment C.

## ATTACHMENT E - DOCUMENTS

No responsive document is presently in the possession of the Plaintiffs.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENDLE SANDERSON, and<br>JADE SANDERSON,<br><br>       Plaintiffs,<br><br>v.<br><br>EQUIFAX INFORMATION<br>SERVICES, LLC, and<br>TRANS UNION, LLC,<br><br>       Defendants. | :<br>:<br>:<br>:<br>:<br>:   Civil Action File No.<br>:<br>:   1:11-cv-01248-AT-RGV<br>:<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE OF DISCOVERY

I hereby certify that I have this day electronically filed the within and foregoing **PLAINTIFF'S INITIAL DISCLOSURES** with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Betsey L. Tate                                   Alex Michael Barfield
btate@kslaw.com                           abarfield@hptylaw.com

This   15th   day of July, 2011.

**SKAAR & FEAGLE, LLP**

by: s/ Justin T. Holcombe
Justin T. Holcombe
Georgia Bar No. 52100
SKAAR & FEAGLE, LLP
108 E. Ponce de Leon Ave., Suite 204
Decatur, Georgia 30030