**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **KENDLE SANDERSON,** ) <br> and ) <br> **JADE SANDERSON,** ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> **EQUIFAX INFORMATION** ) <br> **SERVICES, LLC,** ) <br> and ) <br> **TRANS UNION, LLC,** ) <br> and ) <br> **CBC INNOVIS, INC.,** ) <br> and ) <br> **KROLL FATUAL DATA, INC.,** ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 11-1248 |

## AMENDED COMPLAINT

### I. Preliminary Statement

1.   This is an action for damages brought by individual consumers against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

### II. Jurisdiction and Venue

2.   Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331 and 1337.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 to hear and decide any related State law issues.

4. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III. Parties

5. Plaintiffs Kendle and Jade Sanderson are individuals, who reside in Duluth, GA 30096.

6. Defendant Equifax Information Services LLC (hereafter "EIS") is a consumer reporting agency that regularly conducts business in the State of Georgia, and which has a principal place of business located 1550 Peachtree Street, N.W., Atlanta, GA 30309.

7. Defendant Trans Union, LLC (hereafter "TU") is a consumer reporting agency that regularly conducts business in the State of Georgia, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

8. Defendant CBC Innovis, Inc. ("Innovis") is a consumer reporting agency and a reseller of credit information that regularly conducts business in the State of Georgia, and which has a principal place of business located at 250 East Town Street, Columbus, OH 43215-4631.

9. Defendant Kroll Factual Data, Inc. ("Kroll") is a consumer reporting agency and a reseller of credit information which regularly conducts business in

the State of Georgia, and which has a place of business located at 5200 Hahns Peak Drive, Loveland, CO 80538.

### IV.     Factual Allegations

10.    Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiffs and Plaintiffs' credit history to third parties (hereafter the "inaccurate information").

11.    The inaccurate information includes, but is not limited to, a tax lien, and other personal information.

12.    The inaccurate information negatively reflects upon the Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility as debtors and Plaintiffs' credit worthiness. The inaccurate information consists of a public record tax lien that does not belong to the Plaintiffs, or which misrepresents the payment history and/or status of accounts that do belong to the Plaintiffs.

13.    Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

14.    Plaintiffs have repeatedly disputed the inaccurate information with the Defendants EIS and TU to their representatives and by following EIS' and TU's established procedure for disputing consumer credit information.

15. Plaintiffs have repeatedly disputed the inaccurate information with EIS and TU on multiple occasions, including but not limited to, from August, 2009 through January 2011.

16. In addition to repeatedly disputing the inaccurate information, Plaintiffs have provided Defendants EIS and TU with extrinsic written documentation corroborating Plaintiffs' disputes.

17. Despite Plaintiffs' efforts, Defendants EIS and TU have never: (1) contacted the Plaintiffs to follow up on, verify and/or elicit more specific information about Plaintiffs' disputes; (2) contacted any third parties that would have relevant information concerning Plaintiffs' disputes; (3) forwarded any relevant information concerning Plaintiffs' disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

18. Despite Plaintiffs' exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies,

have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiffs.

19. Notwithstanding Plaintiffs' efforts, Defendants EIS and TU have sent Plaintiffs correspondence indicating its intent to continue publishing the inaccurate information and Defendants EIS and TU continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Defendants have published and disseminated consumer reports to such third parties, including but not limited to, from August 2009 through the present.

20. Plaintiffs have applied for and have been denied various loans and extensions of consumer credit on many different occasions, and Plaintiffs have been informed that the basis for these denials was the inaccurate information that appears on Plaintiffs' credit reports and that the inaccurate information was a substantial factor for those denials.

21. Plaintiffs' credit reports and file containing the inaccurate, derogatory tax liens have been obtained from Defendants, and have been reviewed several times since 2009 by prospective and existing credit grantors and extenders of credit.

22. As a result of Defendants' conduct, Plaintiffs have suffered actual damages in the form of loss of employment opportunity with the FAA in 2011, loss of credit opportunities in 2011 and/or at other times, credit defamation and

emotional distress, including anxiety, frustration, embarrassment and, humiliation since 2009 and through the present.

23. At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiffs herein.

## V.  CLAIMS

### Count One - Violations of the FCRA
### (Plaintiffs v. EIS and TU )

25. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

26. At all times pertinent hereto, Defendants EIS and TU were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

27. At all times pertinent hereto, the Plaintiffs were "consumers" as that term is defined by 15 U.S.C. § 1681a(c).

28. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

29. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiffs for engaging in the following conduct:

(a) willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiffs, in violation of 15 U.S.C. § 1681i(a);

(b) willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiffs' dispute to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);

(c) willfully and negligently failing to provide all relevant information provided by the Plaintiffs regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. § 1681i(a);

(d) willfully and negligently failing to review and consider all relevant information submitted by the Plaintiffs concerning the dispute of the inaccurate information, in violation of 15 U.S.C. § 1681i(a);

(e) willfully and negligently failing to delete the inaccurate information from Plaintiffs' credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a);

(f) willfully and negligently failing to note the Plaintiffs' dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. § 1681i(c);

(g) willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiffs;

(h) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit report, information and file, in violation of 15 U.S.C. § 1681e(b);

(i) willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiffs' credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(j) willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

30. The Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiffs that are outlined more fully above and, as a result, Defendants are liable to the Plaintiffs for the full amount of statutory, actual and punitive damages,

along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### Count Two - Violations of the FCRA
### (Plaintiffs v. Innovis and Kroll)

31. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

32. At all times pertinent hereto, Defendants Innovis and Kroll were each a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

33. At all times pertinent hereto, the Plaintiffs were each a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

34. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

35. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants Innovis and Kroll are liable to the Plaintiffs for willfully and negligently failing to prepare Plaintiffs' report by following procedures that assure maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b).

36. The Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiffs that are outlined more fully above and, as a result, Defendants are liable to the Plaintiffs for the full amount of statutory, actual and

punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### Count Three - Violations of the Georgia Fair Business Practices Act
**(Plaintiffs v. All Defendants)**

37. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

38. Defendants' actions constitute violations of Georgia's Fair Business Practices Act.

39. The conduct of the Defendants were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiffs that are outlined more fully above and, as a result, Defendants are liable to the Plaintiffs for the full amount of actual, treble and exemplary damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### VI.   JURY TRIAL DEMAND

40. Plaintiffs demand trial by jury on all issues so triable.

### VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seeks judgment in Plaintiffs' favor and damages against the Defendants, based on the following requested relief:

(a)   Actual damages;

(b)   Statutory damages;

(c)   Punitive damages;

(d)   Treble damages under the GFBPA;

(e)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o and O.C.G.A. § 10-1-399(c); and

(f)   Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

BY:   /s/ Kris Skaar
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax

James M. Feagle
Georgia Bar No. 256916
jimfeagle@aol.com
108 E. Ponce De Leon Avenue
Suite 204
Decatur GA, 30030
(770) 420-5600

Dated: June 30, 2011          **Attorneys for Plaintiffs**